UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAU DINH | CIVIL ACTION |
| VERSUS | NO. 06-9653 |
| LOUISIANA COMMERCE AND TRADE ASSOCIATION-SELF INSURERS FUND | SECTION "K" |

### ORDER AND OPINION

Before the Court are the "Motion for Summary Judgment" filed on behalf of defendant Louisiana Commerce and Trade Association-Self Insurers' Fund ("LCTA")(Doc. 6) and the "Motion for Summary Judgment Against LCTA-SIF" filed on behalf of plaintiff Sau Dinh (Doc. 19). Having heard the oral argument of the parties in connection with LCTA's motion for summary judgment and having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion filed on behalf of defendant and denies the motion filed on behalf of plaintiff.

BACKGROUND

This case arises due to a dispute over whether the Certificate of Self Insurance issued by LCTA ("Certificate") to Structure provides coverage for the compensation benefits due under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. 901, et seq. to Sau Dinh for injuries he sustained while working for KYE, Inc. (KYE) as a borrowed employee. A detailed recounting of the factual and procedural backgrounds giving rise to the issue now before the Court is necessary to facilitate the analysis of the pending motions.

Structure Services, Inc. ("Structure") entered into a contract, titled an "Out-Source Agreement" with KYE to provide a labor pool of employees for KYE's shipyard. The Out Source

Agreement provided, in pertinent part, that "Structure Services, Limited agrees to indemnify and hold KYE harmless of any claim due to negligence or injuries to their employees, or any governmental claims for withholding taxes, FICA taxes, and unemployment taxes attributable to the covered workers." Doc. 6-6, Exhibit 1, p.1.

Sau Dinh, a payroll employee of Structure, worked as part of a labor pool sent to KYE's shipyard. While performing repair work aboard a barge Mr. Dinh sustained injuries entitling him to benefits under the LHWCA. LCTA, Structure's compensation carrier, began paying Mr. Dinh benefits.

Thereafter, Mr. Dinh filed suit against a number of defendants, including KYE, for tort damages resulting from the personal injuries he sustained while working at the shipyard.[1] LCTA intervened in that suit seeking reimbursement of the benefits it had paid to Mr. Dinh. In response to a motion for summary judgment filed by KYE, the Court concluded that Mr. Dinh was a borrowed employee of KYE, and that as such he was precluded from pursuing a tort claim against KYE.

KYE also moved to dismiss the intervention filed on behalf of LCTA contending that because the contract between KYE and Structure provided that Structure would indemnify KYE for compensation payments, there was no basis for the intervention. The Court concluded that the contractual language cited herein above constituted a valid and enforceable indemnification agreement. The Court then dismissed LCTA's intervention holding that because the Out Source Agreement obligated Structure to indemnify KYE for compensation benefits, LCTA was not entitled to reimbursement for the benefits paid to Mr. Dinh. LCTA appealed the dismissal of its

---

[1] *Sau Dinh v. American Freedom Vessel, et al*, No. 03-3013 (E.D. La.)

intervention; the Fifth Circuit affirmed. *Dinh v. American Freedom Vessel*, No. 04-31243 (5th Cir. November 17, 2005). After the dismissal of its intervention, LCTA ceased paying Mr. Dinh compensation benefits.

Following the termination of his compensation benefits Mr. Dinh applied for benefits under the LHWCA. Following a hearing, an administrative law judge found KYE, which was no longer in business, to be the "responsible employer" under the LHWCA and therefore liable for Mr. Dinh's LHWCA benefits. Because of the indemnity provision in the Out Source Agreement a dispute developed concerning whether LCTA's Certificate obligated it to pay LHWCA benefits to Mr. Dinh. Mr. Dinh contended that the indemnity provision of the Out Source Agreement obligated LCTA topay him compensation benefits, while LCTA asserted that it was not liable for the benefits because it was not the "responsible carrier"[2] under LHWCA as it did not insure the compensation obligations of KYE, the "responsible employer." The administrative law judge did not resolve that dispute. Rather, he concluded that he lacked subject matter jurisdiction to interpret whether the indemnity provision of the Out Source Agreement obligated LCTA to provide coverage for KYE's compensation liability.

Mr. Dinh then filed this suit in state court against LCTA, among others, seeking compensation benefits; LCTA removed the suit to this court. LCTA filed a motion for summary judgment seeking to dismiss plaintiff's claim against it contending that it is not the "responsible carrier" under the LHWCA. Mr. Dinh opposes that motion and filed a cross motion for summary judgment. He contends that in the Out Source Agreement Structure agreed to indemnify KYE for

---

[2] The "responsible carrier" is the carrier at the time of a traumatic injury which is liable for the employer's obligations resulting from that injury. Doc. 6-7, Exhibit 4, Decision and Order, p. 31.

workers' compensation claims brought by Structure employees, and that because LCTA's compensation policy provides coverage for workers' compensation benefits and does not explicitly exclude compensation benefits due as a result of contractual liability, that the policy provides coverage for KYE's compensation liability.

## LAW AND ANALYSIS

There is no dispute concerning any issue of material fact. The focus of the dispute is the proper interpretation of the Certificate issued by LCTA to Structure. Therefore, summary judgment is appropriate.

The Certificate constitutes a contract of insurance; it is undisputed that Louisiana law applies in interpreting that contract. Insurance contracts are interpreted according to the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co.*, 630 So.2d 759, 763 (La. 1994).

> Under the Civil Code, the judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. The words of a contract must be given their generally prevailing meaning, and when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. Moreover, each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. Importantly, Louisiana law mandates that an insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.

*Coleman v. School Board of Richland Parish*, 418 F.3d 511, 516-17 (5th Cir. 2005) (internal quotations and citations omitted). *See also Herbert v. Webre,* ___ So. 2d ___, ___, 2008 WL 2121765 at *2 (La. May 21, 2008). Thus, when the language of the policy is clear and explicit, a

4

court need not inquire further into the intent of the parties in interpreting a policy of insurance. "A contract is ambiguous if, after applying the established rules of contract interpretation, the contract is uncertain as to the parties' intent and susceptible to more than one reasonable interpretation under the circumstances." *Riverwood International Corp. v. Employers Insurance of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). Moreover, it is axiomatic that "[a]bsent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." *Louisiana Ins. Guar. v. Interstate Fire & Casualty Company*, 630 So. 2d at 763.

The Certificate provides coverage for "Workers' Compensation Insurance"(Part One) and Employers Liability Insurance (Part Two). Part One provides, in pertinent part that "[w]e will pay promptly when due **the benefits required of you by the Workers' Compensation Law of Louisiana."** Doc. 6-8, Exhibit 5, page 18 (emphasis added). Part One of the Certificate, unlike Part Two does not include a provision excluding coverage for "[l]iability assumed under contract." *Id.* Plaintiff contends that the Certificate is inconsistent, and therefore ambiguous, because liability assumed by contract is not excluded in Part One as it is in Part Two. I disagree.

The clear language of Part One restricts the payment of compensation benefits to "the benefits required of you by the Workers' Compensation Law of Louisiana." [3] The administrative law judge determined that KYE, not Structure, "is liable for Claimant's compensation benefits under the Act." Doc. 6-7, Exhibit 4, p.30. Thus, the benefits at issue are not "benefits required of Structure" under the compensation law. Because the language of Part One clearly restricts coverage

---

[3] It is undisputed that the Certificate also provides coverage for benefits required of Structure under the LHWCA.

to payment of benefits required of Structure, it was unnecessary to include language in Part One excluding contractual liability. Therefore, the failure to include an exclusion for contractually assumed liability in Part One is not inconsistent with presence of such an exclusion in Part Two, and does not render the policy ambiguous.

Moreover, there is additional language in the Certificate which supports a conclusion that the compensation coverage in Part One does not automatically extend to liability assumed by contract. Part 6 of the Certificate provides in pertinent part that "[y]our rights and duties under this certificate of coverage **may not be transferred without our written consent.**" Doc. 6-8, Exhibit 5, page 21 of 28. (emphasis added). Plaintiff has not submitted any evidence establishing that LCTA consented in writing, as required by the Certificate, to the indemnification provision of the Out Source Agreement.

Plaintiff urges that the "reasonable expectations doctrine" authorizes the Court to extend LCTA's compensation coverage to the compensation liability of KYE. The "reasonable expectations doctrine" allows "a court [to] construe an ambiguous insurance policy to fulfill the expectations of the parties in light of the customs and usages of the industry" and to "extend coverage to meet the reasonable expectations of the insured, even though a close examination of the policy reveals that such expectations are in conflict with the expressed intent of the insurer." *Coleman v. School Board of Richland Parish*, 418 F.3d at 517. The "reasonable expectations doctrine" applies only when there are ambiguities in the policy. As the Fifth Circuit noted in *Coleman* "when the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation." *Id.* For the reasons stated herein above, the LCTA Certificate is not ambiguous. Therefore, the reasonable expectations doctrine is inapplicable.

Alternatively, plaintiff asserts that LCTA is obligated to pay him compensation benefits because Structure and KYE were engaged in a joint venture. "Joint ventures arise only where the parties intended the relationship to exist, and they are ultimately predicated upon contract either express or implied." *Broadmoor v. Ernest N. Morial New Orleans Exhibition Hall Authority*, 867 So.2d 651, 663 (La. 2004). The Out Source Agreement specifically negates the existence of any intent to create a joint venture between Structure and KYE by stating "Section 3. **Structure Services, Ltd. Status**. Structure Services Ltd. [i]s an independent contractor and is not an agent, partner, employee or joint venture of [KYE, Inc.]." Doc. 6-6, Exhibit 1, p. 1. Accordingly, the Court grants LCTA's motion for summary judgment and dismisses plaintiff's claim against it.

New Orleans, Louisiana, this 27th day of May, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE